UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

STERLING DANIELS,

        Petitioner,

v.                                                Case No. 10-CV-352
                                                        (90-CR-42)

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Petitioner Sterling Daniels ("Daniels") asks the court to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Daniels was initially sentenced by this court in the early 1990's and filed his first habeas petition in 1997. The court granted Daniels's initial § 2255 motion and re-sentenced him on February 18, 1998. Daniels then filed a second § 2255 motion in 2001. The court denied this petition because Daniels did not obtain the requisite permission to file a second or successive habeas petition from the Seventh Circuit Court of Appeals. Daniels now files a third § 2255 petition and asserts the following violations of his rights arising from his 1998 re-sentencing: a) due process violations based on the court's use of an upward departure from the sentencing guidelines; b) lack of subject matter jurisdiction for the court to impose a 400-month sentence; c) prosecutorial misconduct; and d) ineffective assistance of appellate counsel.

However, Daniels's filing is a successive petition and this court lacks subject matter jurisdiction to address it. The Antiterrorism and Effective Death Penalty Act (AEDPA) strictly limits the ability of a habeas petitioner to bring a second or

successive habeas petition in federal court when, as here, the petitioner filed a previous habeas petition. A district court has no jurisdiction to hear a second or successive habeas petition unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to do so. 28 U.S.C. § 2244(d)(3)(A); *See also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If the Seventh Circuit has not authorized the petitioner to bring a successive petition, then the district court has "no option other than to deny the petition." *Nunez*, 96 F.3d at 991.

Daniels presents no evidence that he obtained permission from the Seventh Circuit Court of Appeals to file a third § 2255 petition. As this court noted when it dismissed Daniels's second § 2255 petition in 2001, the only action a district court may take on a successive petition that does not have appellate authorization is to dismiss it. *See Nunez*, 96 F.3d at 991. "A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Id*.

Daniels does argue that his 2001 petition was wrongly dismissed as successive, however, this does not change the court's lack of subject matter jurisdiction to hear the current petition. Daniels asserts that his 2001 petition was not successive because it only represented his first challenge to the sentence imposed by the court in 1998. This argument does not alter the fact that the court lacks jurisdiction. Only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition "no matter how powerful a petitioner's showing." *Nunez*, 96 F.3d at 991.

Further, if Daniels believed this court's dismissal of his 2001 petition as successive was incorrect, the proper remedy was an immediate appeal. He should have raised the argument in an appeal of the court's 2001 order dismissing his § 2255 motion. Daniels cannot now, nine years later, challenge the court's dismissal of his 2001 habeas petition and obtain relief. *See West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (finding that post-judgment events in a habeas case did not justify reopening the district court's decision pursuant to a Rule 60(b) motion, and stating that "litigants who want to test the correctness of a district court's decision must appeal immediately."). Despite Daniels's protestations, his current § 2255 petition is successive and the court is obliged to dismiss it.

Even if this court had jurisdiction to hear Daniels's petition, the petition would not survive the Rule 4 screening process. Under Rule 4 of the Rules Governing § 2255 Proceedings, the court must verify that the petitioner filed his motion within the time period allowed by the habeas statute. Section 2255 imposes a one-year limitation on the filing of a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). The limitation period starts to run from the latest of the following dates: 1) the date on which the judgment of conviction becomes final; 2) the date on which the government impediment preventing the movant from making the motion is removed; 3) the date on which the right asserted was initially recognized by the Supreme Court; or 4) the date on which facts supporting the claim could have been discovered through the exercise of due diligence. *Id.*

It is clear that Daniels's habeas petition is untimely under 28 U.S.C. § 2255(f). The circumstances described in § 2255(f)(2-4) do not trigger the statute of limitations because Daniels does not allege an illegal government impediment to filing, a newly-recognized right, or the discovery of new facts. Therefore, the circumstances described in § 2255(f)(1) apply and the statute of limitations on Daniels's habeas petition begins to run from the date on which Daniels's judgment of conviction became final. The court re-imposed sentence on Daniels on February 18, 1998, and issued an amended judgment of conviction the following day. Daniels then appealed the sentence and his appeal was dismissed by the Seventh Circuit on May 7, 1998. More than ten years later, on April 23, 2010, Daniels filed the instant § 2255 motion. Thus, the one-year statute of limitations expired long before Daniels filed his motion, rendering the petition untimely filed under 28 U.S.C. § 2255(f).

Daniels references two other procedural rules in his brief; however, these rules do not save his petition from untimeliness. Daniels briefly cites to Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60. Unfortunately for Daniels, these rules are inapplicable. Federal Rule of Criminal Procedure 36 allows a district court to "correct a clerical error in a judgment, order, or other part of the record" at any time. Fed. R. Crim. P. 36. However, Daniels is not asserting any type of clerical error, but rather, he is asking the court to set aside his sentence. Thus, Rule 36 does not excuse the lateness of his petition.

Daniels's reference to Rule 60 is similarly irrelevant to the timeliness of his petition. Daniels cites to "Rule 60(b)" but provides no explanation for how or why it

applies to his habeas petition or the claims contained therein. The court assumes that Daniels refers to Federal Rule of Civil Procedure 60(b), which allows a party to move for relief from a judgment because of: a) mistake, inadvertence, surprise or excusable neglect; b) newly-discovered evidence; c) fraud; d) a void judgment; e) satisfaction of a judgment; or f) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, Daniels fails to establish that any of the circumstances laid out in Rule 60(b) apply to his case. Additionally, the Supreme Court has stated that the requisite "extraordinary circumstances" which justify the reopening of a final judgment "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Therefore, Rule 60 does not excuse the lateness of his filing.

Additionally, the court notes that Daniels's 2001 habeas petition was also untimely and could have been dismissed on this basis, even if the petition had not been dismissed as successive. The Seventh Circuit Court of Appeals dismissed Daniels's appeal of his 1998 sentence on May 7, 1998. Daniels then had 90 days in which to petition for certiorari to the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, the one-year statute of limitations began to run on August 5, 1998, and expired on August 5, 1999. However, Daniels did not file his § 2255 petition until June 19, 2001, rendering it untimely filed, regardless of the court's conclusion that it was a successive petition.

The court will dismiss Daniels's petition as successive. Because the court will enter a final order adverse to Daniels, the court must also determine whether to issue or deny a certificate of appealability. Rules Governing Section 2255

Proceedings for the United States District Courts, Rule 11(a). A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The district court may only issue a certificate of appealability to a petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The required showing for a certificate of appealability also depends upon the basis for the court's decision on the petitioner's claims. Where a district court rejected the petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, where a court dismissed a petitioner's constitutional claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485. For the reasons stated above, no reasonable jurist would find it debatable that Daniels's petition is successive. Consequently, the court will deny a certificate of appealability.

Accordingly,

-6-
Case 2:10-cv-00352-JPS   Filed 05/13/10   Page 6 of 7   Document 2

**IT IS ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby **DENIED** and this case is **DISMISSED**. The court also **DENIES a certificate of appealability**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge