# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

STERLING DANIELS,

          Petitioner,

v.                                                             Case No. 10-CV-352
                                                                         (90-CR-42)

UNITED STATES OF AMERICA,

          Respondent.

_____

## ORDER

Petitioner Sterling Daniels ("Daniels") filed a motion to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255 in this court on April 23, 2010. The court screened his motion and denied it as a second or successive habeas petition on May 13, 2010. Daniels was initially sentenced by this court in the early 1990's and filed his first habeas petition in 1997. The court granted Daniels's initial § 2255 motion and re-sentenced him on February 18, 1998. Daniels then filed a second § 2255 motion in 2001. The court denied this petition because Daniels did not obtain the requisite permission to file a second or successive habeas petition from the Seventh Circuit Court of Appeals. Daniels then filed a third habeas petition nine years later – the petition at issue here – arguing that the court wrongly dismissed his 2001 petition because the 2001 petition was only his first § 2255 motion challenging the new sentence imposed upon him in 1998. The court concluded that it did not have subject matter jurisdiction to consider Daniels's third petition, regardless of his assertion that the previous petition had been wrongly denied, because a district court has no jurisdiction to hear a second or successive

habeas petition unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to do so. 28 U.S.C. § 2244(d)(3)(A); *See also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Daniels failed to show that he had received the required authorization and the court dismissed his action.

Daniels now asks the court to reconsider its decision and argues that his most recent petition was not successive because the court's 2001 decision dismissing his petition was not a decision "on the merits." Daniels cites *Garrett v. United States*, 178 F.3d 940 (7th Cir. 1999), in support of his assertion. In *Garrett*, the Seventh Circuit Court of Appeals reversed the district court's finding that the petitioner's third § 2255 petition was a second or successive petition. 178 F.3d at 941. The Seventh Circuit found that Garrett's petition was not successive because the previous two § 2255 motions he filed were dismissed without prejudice, at Garrett's request, prior to any substantive review. *Id*. at 942-43. However, unlike in *Garrett*, Daniels's 2001 petition was not dismissed without prejudice prior to the issuance of a decision. Instead, the court reviewed Daniels's 2001 petition and issued a final order dismissing it with prejudice. This constitutes a decision on the merits for purposes of successive habeas petitions. A court does not have to issue a decision explaining why a petitioner's constitutional claims fail on the merits before any later-filed habeas petition can be deemed successive. Instead, the decision must simply be with prejudice based on an incurable defect preventing review on the merits. *See Gandarilla v. Artuz*, 322 F.3d 182, (2nd Cir. 2003) (stating that a

habeas petitioner has lost his right to pursue a constitutional claim because it is procedurally barred is a decision on the merits for purposes of a "successive" habeas petition); *see also Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (finding that a § 2255 motion properly dismissed as time-barred constitutes an adjudication on the merits for successive habeas purposes because it represents a "permanent and incurable bar" to federal review of the merits of the claim); *compare O'Connor v. United States*, 133 F.3d 548, 549-51 (7th Cir. 1998) (noting that habeas petitions "returned" as insufficient under the rules governing motions for habeas relief do not count as initial petitions for successive petition purposes and concluding that the petitioner's initial § 2255 motion, which was denied because he was simultaneously pursuing another post-trial collateral attack, did not render his subsequent § 2255 motion a successive petition).

Daniels's 2010 petition is successive. He filed a previous § 2255 motion attacking the same sentence and the court issued a decision dismissing the motion with prejudice. This fact is incontrovertible, despite Daniels's argument that his 2001 petition was not itself a successive petition. Therefore, he must obtain authorization from the Seventh Circuit Court of Appeals before the court may consider his most recent § 2255 motion and the court will deny his motion for reconsideration.

Because the court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is

required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The court denies a certificate of appealability because reasonable jurists would not debate this court's conclusion that Daniels's most recent § 2255 petition is successive to his 2001 petition and that his motion for reconsideration was properly denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (stating that a petitioner whose habeas petition was dismissed on procedural grounds must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling and find it debatable whether the petition states a valid claim for a denial of a constitutional right before a district court may grant a certificate of appealability).

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #4) be and the same is hereby **DENIED**. The court also **DENIES a certificate of appealability** as to the motion for reconsideration.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge